Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

---

### DISCHARGE OF FINED INSOLVENTS

The case of Kohler v. State ex Goldstein, decided Feb. 2, 1927, and reported exclusively and in full in the Abstract of Feb. 12, 1927, 5 Abs. 82, involving the question as to whether persons sentenced to jail for nonpayment of a fine for violation of the prohibition laws may be released after 60 days, on a showing they are insolvent and unable to pay the fine and costs, was docketed in the Supreme Court on February 18, 1927, No. 20333, and decision is expected by it, at an early day. It will be reported, in the Abstract with its usual priority and promptness as soon as announced. We call attention to this case, on account of the interest manifested, as evidenced by the many inquiries we have received concerning it.

---

### WE ARE PROVING OUR CLAIMS OF PRIORITY

Our subscribers have had one of two most valuable opinions for nearly two months, and will get the other one next week.

In this Abstract we call attention to the recent case of Kohler v. State ex Goldstein, in which the Supreme Court recently overruled the motion to certify, thus making the Appeals Opinion the law. It was reported in full in the Feb. 12th (5 Abs. 82) issue of the Abstract.

We received this week, too late to publish, we regret, the able opinion of Judge Houck and colleagues of the fifth district (Williams v. State) in which they apply to Justices of the Peace and Village Mayors the Old English Maxim, "No judge is qualified or should be permitted to sit in any case in which he has or might have any substantial financial interest, growing out of or incidental to the question to be determined by him."

The full opinion will appear in next week's Abstract. We believe the opinion will be of great value to attorneys throughout the state.

We also feel that we are justified in calling the bar's attention to the fact that, except in newspaper accounts, no where else has publication or mention been made in either of these two very important opinions.

### A QUARTERLY DIGEST NEXT WEEK

Our policy of furnishing Abstract Subscribers with weekly Indexes, Digests, etc., has been maintained, this year, in the issues of the Law Abstract for January, February and March, and we desire to announce that the issue of April 9th will contain its first Quarterly Digest for this year. Heretofore we have been publishing Monthly Digests, and cumulating them in to Semi-Annuals. But we find that the monthly digests come close together and have but little advantage over weeklies. But a quarterly digest abridges the six months period, and we think will be more helpful in research work. Hence, we have decided to make the changes.

--- ---

### A DESERVED CORRECTION

Our attention has been called to the fact that the name of Harry H. Shafer, 929-30 Provident Bank Building, Cincinnati, Ohio, was not given in our report of the celebrated Tumey case, recently decided by the U. S. Supreme Court. The omission was not intentional. Mr. Shafer tried the case originally and in all the higher courts and was the attorney for Tumey throughout the litigation, and deserves credit accordingly.

---

# COMMON PLEAS COURT

---

SOLAR v. RUEHLMAN, Jr.

Hamilton Common Pleas

No. 200,578

**329. COVENANTS**—Restrictive covenants are in the form of a trust and when one has notice of same, either implied, actual or of record, any breach thereof affecting benefits and rights of a person claiming thereunder, entitles such person to a permanent injunction.

**639. INJUNCTION**—Party seeking injunction as against one attempting to breach covenant need not show, in order to obtain relief, that the covenant is for the benefit of all land in any given deed.

ROETTINGER, J.

The matter before the court for consideration is the demurrer of Peter G. Ruehlman, Jr. to the petition of Lena Solar. The petition recited that Solar is the owner of certain real estate in the Peter G. Ruehlman subdivision and that Ruehlman, Jr. is the owner of adjoining lots; that both she and Ruehlman received their title from one Eggers now deceased, and by his (Egger's) will, the executor sold to one Barabara Ruehlman the premises now belonging to Peter Ruehlman, Jr. and that

said deed contained a restriction which prohibited the use of same for any purpose except residence. Futrher that she (Solar) received her lot from one Keeling by a deed of general warranty.

The claim is made in the petition that the premises of Ruehlman, Jr. are charged with all the restrictions in the deed from Egger's executor to Barbara Ruehlman and that Solar by her deed is entitled to all the benefits derived from said restrictions.

It is further set forth that Ruehlman, Jr. has received releases from all other property owners in the tract and has applied and received a permit to erect a gasoline filling station upon his lot to the detriment of Solar.

A temporary restraining order was granted May 17, 1926, and a demurrer was then filed to Solar's petition claiming that on the face of the petition facts are not stated to constitute a cause of action because her lot was conveyed to her by a deed of general warranty which did not carry any restrictive covenants and that Ruehlman has obtained releases from all property owners that have such; and because Solar can use her property in any manner she sees fit, she is estopped to deny his right to make a similar use of his premises.

The Hamilton Common Pleas is called upon to either dissolve the temporary injunction or make same permanent and it holds:

1. A restrictive covenant in a deed is binding upon the grantor and all persons taking under him who have notice of same, and its observance may be enforced by injunction.

2. By the weight of authority, in order for restrictive covenants to be binding, there must be notice, either actual, implied, or of record, and it cannot be denied that Ruehlman took with notice.

3. "When value is paid for the estate, such restrictive stipulation is construed to be a covenant running with the land in the nature of a trust - - - - a court of equity will, in a proper action decree the performance of the trust by confirming the uses of the estate to the uses and purposes expressed in the deed." 58 OS. 67.

4. In such cases the restricted use of the estate becomes a part of the consideration, and is consented to by the grantee; and it is no hardship on him and his assigns, to be compelled to observe the covenants contained in the deed.

5. It is not necessary for Solar to show that the covenant is for the benefit of all land in any given deed in order to obtain relief.

6. The restriction therefore flows for the benefit of Solar and the temporary restraining order is hereby made permanent.

Attorneys—Harmon, Colston, Goldsmith & Hoadly for Solar; Schoer & Wesselman for Ruehlman; all of Cincinnati.

---

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

85. **APPEALS.**
Is failure to file appeal bond when divorce action is appealed to common pleas from probate, ground for dismissal? Iles v. Iles. OS. Pend. 5 Abs. 205.

123. **BAILMENTS.**
Where contract of bailment has no exemption clause, no act whether unauthorized or not can abrogate the contract. Nat. Lib. Ins. Co. v. Sturtevant-Jones Co. 5 Abs. 201.

147. **BILLS & NOTES.**
1. Holder in due course must take in good faith and want of same is not shown when maker gave note to aid payee in the performance of an executory contract of which the indorsee had notice, there being no breach of the contract.
2. One held to have no notice of infirmity.—Consideration held to be sufficient where payee agrees to perform executory contract concurrently with negotiation of note.
3. A purchaser of such a note does not become a guarantor of performance, neither is he bound to apply the proceeds to the performance of such executory contract. Motor Fin. Co. v. Huntsberger. OS. 5 Abs. 201.

291. **CONSTITUTIONAL LAW.**
Is section 10496 GC., granting right of appeal from probate to common pleas, unconstitutional? Iles v. Iles. OS. Pend. 5 Abs. 205.

293. **CONTEMPT.**
In order to find one guilty of contempt under 12136 GC., three elements are necessary, i. e., that the alleged false answer had an obstructive effect; judicial knowledge of the falsity of the testimony; and the question must be pertinent to the issues. Hegelaw v. State, et. OA. 5 Abs. 178.

301. **CONTRIBUTORY NEGLIGENCE.**
Where evidence of plaintiff raises a presumption of contributory negligence on part of decedent, proof must be furnished to dispel the inference of such negligence. Cleveland Ry. Co. v. Moersch, Admx. OA. 5 Abs. 194.

313. **CORPORATIONS.**
Where Ohio bank extends credit to firm in violation of 710-122 GC. and suffers impairment of capital thereby, and examiner requires directors to make restoration, bank as such, not entitled to further recover on items covered by payment. Neikirk, et al. v. Republic Bk. Co. OS. 5 Abs. 200.

Where president is authorized by regulations of stockholders, to sign deeds and similar paers for sale of real estate, the tender to purchaser of real estate, of deed properly signed, is commensurate with such authorization and the transaction need not be ratified by the Board of Directors. Kiebler Real. Co. v. Miller. OA. 5 Abs. 195.

328. **COURT OF APPEALS.**
Is the overruling of a motion for judgment notwithstanding the disagreement of the jury, such final order